UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHARON MAYHEW,

    Plaintiff,

v.                                                                    Case No. 2:21-cv-101-MCR

ACTING COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

# MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision regarding her application for a period of disability and disability insurance benefits ("DIB"). Following an administrative hearing, the assigned Administrative Law Judge ("ALJ") issued a decision finding Plaintiff not disabled from September 30, 2018, the alleged disability onset date, through August 19, 2020, the date of the ALJ's decision.[2] (Tr. 12-26, 32-63.)

In reaching the decision, the ALJ found that Plaintiff had the following

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 18.)

[2] Plaintiff had to establish disability on or before June 30, 2024, her date last insured, in order to be entitled to a period of disability and DIB. (Tr. 15.)

severe impairments: degenerative disc disease of the lumbar spine, fibromyalgia, hypertension, and left common iliac vein thrombosis. (Tr. 17.) After assessing Plaintiff's residual functional capacity ("RFC"),[3] the ALJ concluded, at step four of the sequential evaluation process,[4] that Plaintiff was capable of performing her past relevant work of a receptionist, DOT No. 237.367-038, as generally performed, because it did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 25-26.)

Plaintiff is appealing the Commissioner's decision that she was not disabled from September 30, 2018 through August 19, 2020. Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. Based on a review of the record, the briefs, and the

---

[3] Specifically, the ALJ found that Plaintiff had the RFC :
[T]o lift/carry 10 pounds occasionally and five pounds frequently; sit for six hours in an eight-hour workday; stand and/or walk for two hours in an eight-hour workday; [claimant] must be permitted to change positions after 30 minutes of work; no operation of foot controls; [claimant can] occasionally climb ramps or stairs, but no climbing of ladders[,] ropes or scaffolds; [claimant can] occasionally balance, stoop, kneel, and crouch; no crawling; [claimant can] frequently forward, lateral, and overhead reach; [claimant can] frequently handle and finger; [claimant] is permitted to prop her feet up above waist level during regularly scheduled breaks; [claimant can have] no concentrated exposure to extreme cold, extreme heat, and vibration; and no exposure to hazardous machinery.
(Tr. 21.)

[4] The Commissioner employs a five-step process in determining disability. *See* 20 C.F.R. § 404.1520(a)(4).

2

applicable law, the Commissioner's decision is **AFFIRMED**.

## I.     Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.  Discussion

### A.  The Parties' Positions

The sole issue on appeal is whether the ALJ erred in finding Plaintiff's past relevant work of a receptionist to be a standalone job, rather than a composite job.  (Doc. 24 at 6.)  Plaintiff contends that her past relevant work qualified as a composite job of a receptionist/cleaner, and, as such, the ALJ was prohibited from deciding whether Plaintiff could perform it as generally performed.  (*Id.* at 6-7.)  Plaintiff states:

> As described in the Social Security Administration's Program Operations Manual System ("POMS"), "composite jobs have significant elements of two or more occupations and as such, have no counterpart in the DOT [Dictionary of Occupational Titles]."  POMS at DI 25005.020B.
> Accordingly, an "ALJ must find the Plaintiff capable of performing the composite job only if he or she can perform all parts of the job" as it was actually performed.

(*Id.* at 6.)  She explains:

> During the initial claims process, the Plaintiff was asked about her job duties.  She responded that she greeted customers, answered phones, swept floors, and did small loads of laundry (towels), took payments, gave correct change, walked/stood five hours, sat five hours, handled large objects two hours, small objects six hours, heaviest weight lifted [was] 10 pounds, frequently lifted less than 10 pounds. . . .
> Although the Plaintiff's job title was receptionist, it is clear from this description that the claimant's past relevant work from 2008 to 2012 was a composite job of receptionist and cleaner.
> . . .
> At a minimum, at the hearing, someone should have asked the claimant how she performed her job as a receptionist, in light

4

> of the statements made to the employee of the Defendant.
> Had the Plaintiff actually described her job at the hearing, there is a reasonable possibility that [the] vocational expert would have classified the job as a composite job, including tasks of a receptionist and tasks of a cleaner.

(*Id.* at 8-9.)  Plaintiff requests that this matter "be reversed and remanded with directions to develop the record as to the claimant's past relevant work between 2018 and 2012 and to determine whether this work was a composite job." (*Id.*)

Defendant responds, in relevant part:

> Plaintiff has not demonstrated that her job was a composite job. . . . In her own report, Plaintiff described her job as a receptionist, and Plaintiff's attorney had no objections to the VE's classification of the job during the hearing (Tr. 55-56, 70). The mere fact that Plaintiff performed some additional duties beyond those described in the DOT job description does not mandate a finding it was a composite job. While Plaintiff bears the burden of proving her past work was a composite job, she failed to prove that her job required "significant elements of two or more occupations." SSR 82–61, 1982 WL 31387 at *2; *See Smith*, 743 F. App'x at 954. Specifically, while she indicated she swept and did small loads of laundry in her work as a receptionist (Tr. 70), she has introduced no evidence showing that those duties made up a significant portion of her prior job.

(Doc. 30 at 5-6 (footnote omitted).)  Further:

> Plaintiff argues the ALJ should have obtained Plaintiff's testimony during the hearing as to how she performed her past relevant work (Tr. 9). However, Plaintiff's description of the job was already contained in the record prior to the VE's testimony (Tr. 70). Further, as discussed above, the ALJ obtained information regarding the demands of Plaintiff's past relevant work from the VE and from the DOT. . . . Because the ALJ

5

> properly considered the VE's testimony and the DOT, the ALJ did not need to do more to develop the record regarding the demands of Plaintiff's past relevant work as a receptionist. . . . Plaintiff's description of her receptionist job simply shows there was a distinction between how the receptionist job is generally performed in the national economy and how Plaintiff actually performed it. However, a claimant is not disabled if she is able to perform her past relevant work *either* as she actually performed it *or* as it generally is performed in the national economy.

(Doc. 30 at 7-8 (emphasis in original).)

### B. Relevant Record Evidence and Administrative Findings

In a Report of Contact form, dated October 23, 2019, Plaintiff reported the following past jobs: (1) a receptionist at a hair salon from October 2008 until January 2012; (2) an assistant property manager from January 2012 until May 2012; (3) a receptionist/manager at a hair salon from May 2012 until May 2016; and (4) an insurance agent from May 2016 until May 2019.[5] (Tr. 280.) Plaintiff described her duties for the receptionist position at issue here as follows: greeting customers; answering phones; making appointments; sweeping floors; doing small loads of laundry (towels); taking payments; giving correct change; walking/standing for five hours; sitting for five hours; handling large objects for two hours and small objects for six

---

[5] Plaintiff worked full-time as an insurance agent until January 2019, after the alleged onset date of September 30, 2018, and then worked part-time until May 2019. (Tr. 280.)

6

hours. (*Id.*) The heaviest weight lifted was ten pounds and the weight lifted frequently was less than ten pounds. (*Id.*)

At the administrative hearing held on July 29, 2020, the ALJ questioned the vocational expert ("VE") as follows:

> Q    What's the past work?
> A    She was [a] property manager. . . .
> Q    . . . What's the next job?
> A    Insurance agent. . . .
> . . .
>
> VE:   She was a receptionist. That's [DOT No.] 237.367-038. That's usually done at the sedentary level and has an SVP of 4. And then she had a composite job that was a receptionist, as just given, and beauty shop manager. That's [DOT No.] 187.167-058. That's usually done at the light level and is an SVP of 7.
>
> ALJ:  Okay. Okay. And Counsel, do you have any objection to her -- Ms. Taylor's description of the past work as far as accuracy?
>
> ATTY: None.
>
> ALJ:  Okay. So Ms. Taylor, Ms. Laurie [sic] Taylor, is an expert at -- Ms. Mayhew, at disability law and the vocational testimony can get quite technical and nuanced. So, you know, I'll rely on Ms. -- your attorney's lack of objection with respect to the classification of the past work.
>
> BY ADMINISTRATIVE LAW JUDGE:
> Q    Okay. Ms. Taylor, the stand[-]alone receptionist, when was that done? . . .
> A    . . . The stand alone was October of 2008 to January 2012.
> Q    Okay. Let's do some hypotheticals. . . .
> A    The receptionist would fit within that hypothetical.
> . . .
> Q    Okay. And is your testimony consistent with the *DOT*?
> A    Yes.

7

(Tr. 54-57.)

In his August 19, 2020 decision, the ALJ determined, based on the VE's testimony, that Plaintiff was capable of performing her past relevant work of a receptionist, DOT No. 237.367-038, as generally performed, because it did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 25-26.) The ALJ noted that this work was classified as sedentary, semiskilled, with a specific vocational preparation ("SVP") level of four. (Tr. 25.) The ALJ also noted that:

> In comparing the claimant's [RFC] with the physical and mental demands of this work, the [ALJ] finds that the claimant is able to perform it as generally performed (Hearing Record). According to the testimony of the vocational expert, the claimant is able to perform her past relevant work as a receptionist as generally performed (Hearing Record).

(*Id.*) In a footnote, the ALJ noted that Plaintiff had also held the job of an insurance agent (DOT No. 250.257-010), and the composite job of a receptionist and a beauty shop manager (DOT No. 187.167-058), but found that these positions exceeded Plaintiff's RFC. (Tr. 25-26 n.3.)

### C. Analysis

The Court finds that the ALJ's decision is due to be affirmed because his step-four determination is based on correct legal standards and is supported by substantial evidence.

8

At step four, "[i]n considering whether a claimant can return to past work, the ALJ must (1) consider all the duties of the past relevant work and (2) evaluate the claimant's ability to perform the duties in light of h[er] impairments." *Smith v. Comm'r of Soc. Sec.*, 743 F. App'x 951, 953 (11th Cir. 2018) (per curiam) (citing *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990)). A "claimant must show that [s]he can no longer 'perform [her] past *kind* of work, not that [she] merely [is] unable to perform a specific job [she] held in the past.'" *Id.* (emphasis in original) (quoting *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986)). "The burden is on the claimant to show that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the general economy." *Waldrop v. Comm'r. of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010) (per curiam) (citing *Jackson*, 801 F.2d at 1293-94). "[I]t it is the claimant's burden to demonstrate not only that she can no longer perform her past relevant work as she actually performed it, but also that she can no longer perform this work as it is performed in the general economy." *Id.* "Generally, a claimant is not disabled if he or she can perform past relevant work, 'either as the claimant actually performed it or as generally performed in the national economy.'" *Bitowf v. Saul*, No. 1:19-00845-N, 2021 WL 1183794, *11 (S.D. Ala. Mar. 29, 2021) (quoting 20 C.F.R. § 404.1560(b)(2)).

9

Although it is undisputed that an ALJ may rely on information in the DOT and testimony from a VE to determine whether a claimant can perform her past relevant work as usually performed in the national economy,[6] the physical and mental requirements of that work must first be determined. *See* SSR 82-62 ("In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact: 1. A finding of fact as to the individual's RFC. 2. A finding of fact as to the physical and mental demands of the past job/occupation. 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation."); *Woods v. Astrue*, No. 8:08-cv-1095-T-TBM, 2009 WL 2242611, *7 (M.D. Fla. July 27, 2009) (stating that "the ALJ has the duty to fully investigate and make explicit findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant herself is capable of doing before [the

---

[6] *See* 20 C.F.R. § 404.1560(b)(2) (stating that a VE may offer evidence "concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy," which "may be helpful in supplementing or evaluating the accuracy of the claimant's description of [her] past work" and, also, the VE "may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work"); SSR 82-61, 1982 WL 31387 ("The . . . [DOT] descriptions can be relied upon—for jobs that are listed in the DOT—to define the job as it is *usually* performed in the national economy.") (emphasis in the original).

10

ALJ] determines that she is able to perform her past relevant work")
(internal citations and quotation marks omitted). As stated in SSR 82-62:

> The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and non[-]exertional demands of such work. Determination of the claimant's ability to do [past relevant work] requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the [DOT], etc., on the requirements of the work as generally performed in the economy.

SSR 82-62.

However, when the claimant's "past relevant work qualifies as a composite job[,]" defined as a job "that has 'significant elements of two or more occupations and, as such, [has] no counterpart in the DOT,'" then "the ALJ must consider the particular facts of the individual case to consider whether the claimant can perform [her] previous work *as actually performed*." *Smith*, 743 F. App'x at 954 (citing SSR 82-61 at *2) (emphasis added). "Past relevant work may qualify as a composite job 'if it takes multiple DOT occupations to locate the main duties of the [past relevant work] as described by the claimant.'" *Id.* (quoting POMS DI 25005.020). "Generally, it is the claimant's burden to show that past relevant work was a

11

'composite job.'" *Bitowf*, 2021 WL 1183794, at *11 (citing *Smith*, 743 F. App'x at 954).

In the instant case, the VE identified three positions as Plaintiff's past relevant work and the ALJ pursued hypotheticals only about the standalone receptionist position, which Plaintiff now argues is a composite job of a receptionist/cleaner. "If an ALJ finds that a plaintiff's [past relevant work] constitutes a composite job, the ALJ must determine whether the plaintiff has the RFC to perform the exertional demands of all the tasks associated with the composite job." *Cantu v. Comm'r of Soc. Sec.*, No. 2:19-cv-832-MRM, 2021 WL 960686, *6 (M.D. Fla. Mar. 15, 2021) (citing *Gregory v. Astrue*, No. 5:07-cv-19-Oc-GRJ, 2008 WL 4372840, *7 (M.D. Fla. Sept. 24, 2008) (finding that the ALJ's failure to sufficiently develop the record for the court to determine whether the plaintiff's past relevant work was a composite job constituted a reversible error)).

Here, Plaintiff has not met her burden of establishing that the receptionist position was a composite job requiring an analysis of the job as actually performed. Plaintiff claims that although her job title was "receptionist," "it is clear from [her own] description [of the job] that [her] past relevant work from 2008 to 2012 was a composite job of receptionist and cleaner." (Doc. 24 at 8.) As in *Smith*, Plaintiff has not introduced any

12

evidence about how much time was spent on the purported second occupation of a cleaner and has not "otherwise establish[ed] that this duty was a significant element of the job." *Smith*, 743 F. App'x at 954.

According to Plaintiff, "at a minimum, at the hearing, someone should have asked [her] how she performed her job as a receptionist, in light of the statements made to the employee of the Defendant" on the Report of Contact form. (Doc. 24 at 9.) Plaintiff argues that if she had "actually described her job at the hearing, there is a reasonable possibility that [the] vocational expert would have classified the job as a composite job, including tasks of a receptionist and tasks of a cleaner." (*Id.*) Although Plaintiff argues that "someone" should have inquired about her job duties, Plaintiff was represented by counsel who had an ample opportunity to develop a line of questioning about her past relevant work either during the general examination or once the VE's testimony began. As the hearing transcript shows, Plaintiff's counsel had no objection to the hypotheticals or to the VE's testimony about Plaintiff's past relevant work as described. Specifically, the following exchange took place at the hearing:

> Q  . . . What's the next job?
> . . . .
> A  She was a receptionist. That's 237.367-038. That's usually done at the sedentary level and has an SVP of 4. And then she had a composite job that was a receptionist, as just given, and

13

>beauty shop manager. That's 187.167-058. That's usually done at the light level and is an SVP of 7.
>
>ALJ: Okay. Okay. And *Counsel, do you have any objection to her -- Ms. Taylor's description of the past work as far as accuracy?*
>
>ATTY: *None.*
>
>ALJ: Okay. So Ms. Taylor, Ms. Laurie [sic] Taylor, is an expert at -- Ms. Mayhew, at disability law and the vocational testimony can get quite technical and nuanced. So, you know, *I'll rely on Ms. -- your attorney's lack of objection with respect to the classification of the past work.*

(Tr. 55-56 (emphasis added).)

In sum, the ALJ did not consider the receptionist position as a composite job in reliance on the VE's testimony and Plaintiff's counsel's lack of objection thereto.[7] Based on the foregoing, the ALJ's findings as to the stand-alone receptionist position are based on correct legal standards and supported by substantial evidence. *See Fleurima v. Saul*, No. 8:19-cv-2835-T-AAS, 2020 WL 6074388, *4 (M.D. Fla. Oct. 15, 2020) (finding that substantial evidence supported the ALJ's conclusion that plaintiff could perform her past relevant work as an administrative assistant and that it was not a composite job where she failed to object to the VE's testimony, did not raise the "possibility that her work was not past relevant work or a composite job at

---

[7] The ALJ was able to assess composite jobs where appropriate, as demonstrated by his discussion of the composite job of a receptionist/beauty shop manager that Plaintiff was no longer able to perform. (Tr. 25-26 n.3.)

14

the hearing," and the VE never categorized the past relevant work as having "significant elements of two or more occupations so that it would have no counterpart in the DOT"); *Sumlin v. Saul*, No. 8:19-cv-3126-T-30AAS, 2020 WL 7232240, *8 (M.D. Fla. Nov. 23, 2020) (report and recommendation adopted by 2020 WL 7229746 (M.D. Fla. Dec. 8, 2020)) (finding that substantial evidence supported the ALJ's conclusion that plaintiff could perform her past relevant work as a reservation clerk and that it was not a composite job based, in part, on plaintiff's failure to object to the VE's testimony, or to raise the possibility that her work was not relevant work or a composite job at the hearing, her failure to introduce evidence that her past relevant work was a composite job, and noting that the VE never stated that plaintiff's "reservation clerk work had significant elements of two or more occupations so that it would have no counterpart in the DOT").

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment consistent with this Order, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on May 5, 2022.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

15

Counsel of Record